## IN THE CIRCUIT COURT OF ASHLEY COUNTY, ARKANSAS

| | |
|---|---|
| MARCI GREENWOOD individually and as Co-Administratrix of the Estate of Terry Paul Greenwood, KOURTNEY GREENWOOD Individually and as Co-Administratrix of the Estate of Terry Paul Greenwood,<br><br>Plaintiffs,<br><br>v.<br><br>CANDO RAIL & TERMINALS, INC. f/k/a CANDO RAIL SERVICES LTD., and GEORGIA-PACIFIC CONSUMER OPERATIONS LLC,<br><br>Defendants. | FILED FOR RECORD<br>Ashley County, Arkansas<br>at 2:30 o'clock p m<br><br>FEB 25 2022<br><br>VICKIE STELL, CIRCUIT CLERK<br>BY austiny monroe DC<br><br>Case No. 02CV-2022-36-3 |

## COMPLAINT

**COME NOW** Plaintiffs and for their causes of action against Defendants state as follows:

### I. PARTIES

1. Plaintiff Marcie Greenwood is an individual and wife of Terry Paul Greenwood who is deceased (hereinafter referred to from time to time as "Decedent"). At the time of the incident giving rise to this action, Marcie Greenwood was a citizen of Crossett, Ashley County, Arkansas.

2. Plaintiff Kourtney Greenwood is an individual and an adult daughter of Terry Paul Greenwood. At the time of the incident giving rise to this action, Kourtney Greenwood was a citizen of Crossett, Ashley County, Arkansas.

3. On December 4, 2020, Plaintiffs Marcie Greenwood and Kourtney Greenwood were appointed as the Co-Administratices of the Estate of Terry Paul Greenwood.

4. All the above-identified Plaintiffs will hereinafter be referred to as "Plaintiffs" throughout the remainder of this document. Each reference to "Plaintiffs" or allegation by

1

"Plaintiffs" shall include each of the above Plaintiffs as if each Plaintiff was individually referenced or each allegation was made by each Plaintiff.

5. Defendant Cando Rails & Terminals, Inc. f/k/a Cando Rail Services Ltd. ("Cando") is a Canadian and American short line railroad company performing rail operations in Arkansas. Its registered principal place of business in the United States is located at 911 Main Street, Adel, Iowa 50003. It may be served with process through its designated Registered Agent: Corporation Service Company, 300 S Spring St., Suite 900, Little Rock, Arkansas 72201.

6. Defendant Georgia-Pacific Consumer Operations LLC ("Georgia-Pacific") is a Delaware limited liability company authorized to conduct business in Arkansas. Its registered principal place of business located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066. It may be served with process through its designated Registered Agent: C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

7. Hereinafter, Defendants Cando and Georgia-Pacific will be collectively referred to as "Defendants," or individually.

8. At all times pertinent hereto, all employees of the Defendants were acting in their individual capacity and also as agents of Defendants within the scope of their employment and authority and in the furtherance of the business of Defendants. All the acts and omissions of the employees of the Defendants are imputed to their employer, who is liable for such acts and omissions, as well as rendering the individual Defendants liable in their individual capacities.

## II. JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 45 U.S.C. §§51-60 known as the Federal Employers' Liability Act ("FELA"). At the time of the incident giving rise to this

litigation, Decedent Terry Paul Greenwood was an employee of Cando subject to the control of Cando. Subject to FELA, venue is properly in state court.

10. Venue is proper in this Court in that Defendants are registered to do business as corporations in the State of Arkansas and the incident giving rise to this litigation occurred in Crossett, Ashley County, Arkansas.

11. All allegations herein related to Cando are based upon and should be interpreted either as action under the FELA or in the alternative, state causes of action seeking damages under state law for personal injury damage.

### III. FACTS AND ALLEGATIONS

12. All allegations set forth in this Complaint are based upon information and belief.

13. All allegations set forth in each of the paragraphs in this Complaint are incorporated by reference into each of the other sections and paragraphs contained in this Complaint as if fully set forth therein.

14. At the time of his death on August 13, 2020, Terry Greenwood was employed by Cando.

15. On August 13, 2020, Terry Greenwood was performing his duties with Cando under the supervision, training, direction and control of Cando and Georgia-Pacific. On that day, Terry Greenwood and two other Cando employees were working on a railroad track and platform owned and controlled by Georgia-Pacific, located in the vicinity of the Georgia-Pacific Warehouse in Crossett, Arkansas.

16. Terry Greenwood and other Cando employees were moving railcars at the time of this incident. In particular, Terry Greenwood and other Cando employees were shoving (reversing) five railcars into a warehouse rail track, believed to be known as Warehouse # 10.

17. The last railcar that was part of the incident train, which was the lead railcar because they were in reverse, is identified as ALM 248545 (the "Railcar").

18. Terry Greenwood became pinned in an approximate 8-inch gap between the Railcar and the railroad platform due to several defective conditions and operations on or around the Railcar and platform (the "Incident").

19. When first responders arrived, Terry Greenwood was alive and conscious.

20. It took several hydraulic spreaders to move the railcar a sufficient space to extract Terry from his pinned position. Terry Greenwood was later transported by ambulance to Ashley County Medical Center where he was pronounced dead after succumbing to his injuries.

21. The Occupational Safety and Health Administration ("OSHA") determined that the circumstances surrounding the Incident warranted investigation. After their investigation, OSHA found Defendants violated myriad safety standards on the date of the Incident and assessed penalties against each of the Defendants individually.

### IV. SPECIFIC COUNTS

### COUNT ONE – FELA – NEGLIGENCE AGAINST CANDO

22. At all times material hereto, Cando was and is an Iowa corporation organized and existing as a common carrier for hire by rail in and throughout several States of the United States and Canada, for the purpose of operating said railroad did and does own, possess, operate and/or maintain railroad cars, tracks, and/or other equipment in and about Ashley County, Arkansas.

23. Decedent was employed by Cando as their servant and employee, and as such was working and engaged in interstate transportation and commerce and was working in furtherance of Cando's interstate commerce and in work in which closely, directly, and substantially affected the interstate commerce carried on by Cando as a railroad engaged as a common carrier by rail for hire.

24. Decedent can maintain a cause of action against Cando under the FELA because he was employed by a rail carrier for hire engaged in interstate commerce at the time of his fatal injury.

25. Under the FELA, Cando had a duty to provide its employees, including Decedent, a reasonably safe place in which to work and safe and sufficient equipment.

26. Under the FELA, Cando had actual and/or constructive notice of the dangerous and defective condition of the rail equipment, track, loading platform, related structures, and Railcars in sufficient time before the Incident to have taken appropriate preventative measures but failed to do so.

27. The Incident described in this Complaint is the direct result of Cando's negligence, gross negligence, negligence per se, reckless disregard, and/or willful and wanton conduct in:

    a. Failing to warn of an unsafe condition;

    b. Failing to report, maintain, and repair the faulty stairway;

    c. Failing to provide adequate training to employees regarding the tasks performed in conjunction with Cando's work on Georgia-Pacific property;

    d. Failing to comply with applicable federal regulations requiring a job briefing and an employee in charge for employees;

    e. Failing to provide Decedent a reasonably safe place to work and sufficient equipment;

    f. Failing to comply with railroad workplace safety regulations concerning railroad operations, structures, equipment, communications, procedures, training, and associated rules and policies in violation of 49 CFR Parts 213-214, 217-218, 220, 231, 243.

g. Failing to inspect, maintain, and repair its premises, work areas, and properties;

h. Failing to follow Cando and Georgia-Pacific's own rules, policies, and procedures;

i. Failing to follow Federal Railroad Administration rules and regulations;

j. Failing to follow state and federal laws and regulations; and

k. Failing to take reasonable safety measures given the then existing circumstances.

28. Cando was otherwise negligent, grossly negligent and negligent per se, and/or acted with reckless disregard as such facts are discovered in this litigation.

29. Due in whole or in part to Cando's negligence, Decedent lost his life and suffered pre-death pain and suffering.

30. Due in whole or in part to Cando's negligence, Decedent and his family lost their source of income, fringe benefits, and will continue to suffer from that loss of income and fringe benefits into the future, the exact amount of which Plaintiff is unable to accurately estimate and determine at this time.

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants on the causes of action set forth herein, and to award Plaintiffs the damages sought herein, its available expenses, fees and costs incurred in bringing this action, and any further relief deemed appropriate by the Court.

### COUNT TWO – FELA—STRICT LIABILITY AGAINST CANDO

31. As a railroad common carrier of freight for hire, Cando is strictly liable for its violations of federal law and regulations that were "enacted for the safety of employees…" 45 USC § 53. Upon information and belief, Cando violated:

a. The Railroad Safety Appliance Standards, §232.103 and 49 U.S.C. §20302(1)(B).

b. The Occupational Safety and Health Act regulations and standards under 29 USC §§ 651-678, including but not limited to the standards and subparts contained in 29 CFR 1910.22(a), 29 CFR 1910.22(d), 29 CFR 1910.25(c), 29 CFR 1910.28(b), 29 CFR 1910.261(c).

c. Failing to comply with railroad workplace safety regulations concerning railroad operations, structures, equipment, communications, procedures, training, and associated rules and policies in violation of 49 CFR Parts 213-214, 217-218, 220, 231, 243.

d. Violation of the Locomotive Inspection Act.

e. Violation of Arkansas Code 23(1)(12).

f. Close clearance standards and regulations.

g. Violation of state occupational safety and health code regulations.

h. Other state and federal regulations related to railroad operations, radio operations, close clearance standards, track structures, staircases, platforms, walkways and working surfaces, fall protection, and safety and railcar standards.

32. Cando is strictly liable for its violation of safety laws and regulations.

33. Due in whole or in part to Cando's violation of the above statutes and regulations, Decedent lost his life and suffered pre-death pain and suffering.

34. Due in whole or in part to Cando's negligence, Decedent and his family lost their source of income, fringe benefits, and will continue to suffer from that loss of income and fringe benefits into the future, the exact amount of which Plaintiff is unable to accurately estimate and determine at this time.

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants on the causes of action set forth herein, and to award Plaintiffs the damages sought herein, its available expenses, fees and costs incurred in bringing this action, and any further relief deemed appropriate by the Court.

### COUNT THREE – STATE LAW NEGLIGENCE AGAINST GEORGIA-PACIFIC

35. Georgia-Pacific owed a duty of reasonable care to Decedent.

36. The Incident described in this Complaint is a direct and proximate result of the negligence, gross negligence, negligence per se, reckless and/or willful and wanton conduct of the Georgia-Pacific by:

   a. Failing to properly inspect, maintain, and repair the premises where this incident occurred;

   b. Failing to provide adequate training and instruction to Cando employees regarding the tasks performed in conjunction with Cando's work on Georgia-Pacific property;

   c. Failing to ensure that proper clearance between its structure and the track to ensure the safety of individuals working in the area;

   d. Failing to ensure that the track, structure, and appurtenances to the structure and track were in a reasonably safe condition; and

   e. Failing to comply with state and federal regulations related to railroad operations, radio operations, close clearance standards, track structures, staircases, platforms, fall protection, walkway and working surfaces, and other safety and rail equipment standards;

   f. Failing to maintain its premises and equipment in a reasonably safe manner;

g. Violating Railroad Safety Appliance Standards, §232.103 and 49 U.S.C. §20302(1)(B).

h. The Occupational Safety and Health Act regulations and standards under 29 USC §§ 651-678, including but not limited to the standards and subparts contained in 29 CFR 1910.22(a), 29 CFR 1910.22(d), 29 CFR 1910.25(c), 29 CFR 1910.28(b), 29 CFR 1910.261(c).

i. Failing to comply with railroad workplace safety regulations concerning railroad operations, structures, equipment, communications, procedures, training, and associated rules and policies in violation of 49 CFR Parts 213-214, 217-218, 220, 231, 243.

j. Violation of Arkansas Code 23(1)(12).

k. Close clearance standards and regulations.

l. Violation of state occupational safety and health code regulations.

m. Other state and federal regulations related to railroad operations, radio operations, close clearance standards, track structures, staircases, platforms, walkways and working surfaces, fall protection, and safety and railcar standards.

n. Other acts of negligence.

37. Georgia-Pacific was otherwise negligent, grossly negligent and negligent per se, and/or acted with reckless disregard for Decedent, as will be revealed when additional facts are discovered in this litigation.

38. As a legal result of Georgia-Pacific's wrongful conduct as alleged herein, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants on the causes of action set forth herein, and to award Plaintiffs the damages sought herein, its available expenses, fees and costs incurred in bringing this action, and any further relief deemed appropriate by the Court.

## V. DAMAGES

39. The Defendants' negligence was a direct and proximate cause of the Decedent's death and the damages to Plaintiffs, the Decedent's survivors, and the Decedent's estate.

40. As a direct and proximate result of the Defendants' negligence, Marcie Greenwood has suffered damages including past and future loss of support and services; past and future loss of companionship, comfort, attention, protection, sorrow, mental anguish; and past and future mental pain and suffering.

41. The Estate of Terry Paul Greenwood is entitled to compensatory damages for the injuries caused by Defendants, including but not limited to compensation for loss of life, loss of past and future income; loss of services, protection, care and assistance provided by the decedent; expenses for the care, treatment and hospitalization of the decedent incident to the injuries resulting in death.

42. The Estate of Terry Paul Greenwood is entitled to compensatory damages for the severe pain, suffering, and agony Decedent suffered before his death.

43. As a direct and proximate result of the Defendants' negligence, the Estate of Terry Paul Greenwood has incurred funeral and burial expenses and suffered the loss of future earnings and net accumulations, including future pension and retirement benefits.

44. The conduct of the Defendants rises to a level sufficient to warrant the imposition of punitive damages.

## VI. DEMAND FOR JURY TRIAL AND RIGHT TO AMEND

45. The Plaintiffs demand a trial by jury.

46. The Plaintiffs specifically reserve the right to amend this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, costs, and interest allowable by law, and trial by jury.

Respectfully submitted,

**MARCI GREENWOOD individually and as Co-Administratrix of the Estate of Terry Paul Greenwood, KOURTNEY GREENWOOD Individually and as Co-Administratrix of the Estate of Terry Paul Greenwood**

By: *(signature)*

Melody H. Piazza- AR - 86108
**TRAMMELL PIAZZA LAW FIRM, PLLC**
1501 North University, Suite 350
Little Rock, Arkansas 72207
501-37A-9903
501-37A-9905 (Fax)
melody@trammellpiazza.com

Nathan L. Karlin
Pottroff & Karlin L.L.C.
320 Sunset Avenue
Manhattan, KS 66502
Phone: 785-539-4656
Fax: 785-539-1750
Email: nathan@pottroff.com

*Attorneys for Plaintiff*